2005 UT 53

**Abdul AFRIDI, Plaintiff and Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellee.**

**No. 20040683.**

Supreme Court of Utah.

Aug. 23, 2005.

---

Daniel F. Bertch, Kevin K. Robson, Salt Lake City, for plaintiff.

Paul M. Belnap, A. Joseph Sano, Salt Lake City, for defendant.

WILKINS, Associate Chief Justice:

¶ 1 The question before us on appeal is whether an insurer properly denied an insured's claim for comprehensive collision coverage based on a driver exclusion agreement, when the insured's son, the excluded driver, was involved in an automobile accident in the insured's vehicle. The district court granted the insurer's Motion for Summary Judgment in the matter, and we affirm.

## BACKGROUND

¶ 2 State Farm Mutual Automobile Insurance Company ("State Farm") insures two personal vehicles owned by plaintiff Abdul Afridi ("Abdul"). The insurance policy provides comprehensive collision coverage for a 2000 Lincoln Navigator. In November 2002, State Farm required Abdul to execute a driver exclusion agreement, if he wanted State Farm to continue insuring his vehicles. The agreement excluded Abdul's son, Altaf, from coverage because of Altaf's poor driving record and contains the following language:

> IN CONSIDERATION OF THE PREMIUM CHARGED FOR YOUR POLICY IT IS AGREED WE SHALL NOT BE LIABLE AND NO LIABILITY OR OBLIGATION OF ANY KIND SHALL ATTACH TO US FOR BODILY INJURY, LOSS OR DAMAGE UNDER ANY OF THE COVERAGES OF THE POLICY WHILE ANY MOTOR VEHICLE IS OPERATED BY *Altaf Afridi.*

> As the named insured, I understand and certify that the named person excluded from coverage, has in fact, satisfied the owner's and operators [sic] security requirement of Section 41–12a–301, independently of the named insured's proof of owner's or operators [sic] security.

The document was signed by both Abdul and Altaf.

¶ 3 In July 2003, Altaf was involved in an automobile accident while driving his father's Lincoln Navigator. The collision caused more than $4000 in damages to the vehicle,

and Abdul made a claim to State Farm requesting indemnification for the cost of the damages. State Farm denied the claim based on the driver exclusion agreement.

¶ 4 In January 2004, Abdul filed a complaint against State Farm for failure to indemnify him for the damage to his vehicle. State Farm filed a Motion for Summary Judgment, arguing that it properly denied Abdul coverage based on the driver exclusion agreement. The district court granted the Motion, and Abdul now appeals that decision.

## ANALYSIS

¶ 5 We review a district court's grant of summary judgment for correctness and afford no deference to that court's legal conclusions. *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993). "[W]e may affirm a grant of summary judgment on any ground available to the [district] court, even if it is one not relied on below." *Id.*

¶ 6 Abdul advances two arguments for reversal. First, he asserts that under Utah's driver exclusion statute, State Farm was required to obtain proof that the excluded driver, Altaf, had acquired independent insurance before it could properly exclude him from coverage. Second, he claims that the driver exclusion agreement was only intended to limit third-party liability coverage of Altaf; it was never intended to limit State Farm's obligation to indemnify Abdul for damage to his vehicle. We will address each argument in turn.

¶ 7 In approaching Abdul's first argument concerning the requirements of Utah's driver exclusion statute, we first look among the plain language of that statute, as we do with all statutes, to find meaning. *See LKL Assocs., Inc. v. Farley*, 2004 UT 51, ¶ 7, 94 P.3d 279. The driver exclusion statute provides the following:

(7) A policy of motor vehicle liability coverage under Subsection 31A–22–302(1) may specifically exclude from coverage a

person who is a resident of the named insured's household, including a person who usually makes his home in the same household but temporarily lives elsewhere, if:

(a) at the time of the proposed exclusion, each person excluded from coverage satisfies the owner's or operator's security requirement of Section 41–12a–301, independently of the named insured's proof of owner's or operator's security[.]

Utah Code Ann. § 31A–22–303(7) (Supp. 2004).

¶ 8 Abdul would have us construe this statute as placing a burden upon the insurer to ensure that the excluded driver satisfies the requirement set forth in Utah Code section 41–12a–301 that all vehicle owners in the state "maintain owner's or operator's security," Utah Code Ann. § 41–12a–301(2)(a) (Supp.2004). However, a careful reading of the statute's plain language prevents us from reaching that issue because section 31A–22–303(7) applies only to "motor vehicle liability coverage"—that is, coverage for a third-party action against the insured—and Abdul seeks indemnification only for the damage done to his own vehicle. Consequently, we decline to address the issue of whether State Farm was required to obtain proof of Altaf's independent insurance coverage under the driver exclusion statute, as that statute does not apply to the type of coverage Abdul seeks from State Farm.[1]

¶ 9 The second question before us in this appeal is the scope of the indemnification established by the language of the driver exclusion agreement. As quoted above, the agreement states that "no liability or obligation of any kind shall attach to [State Farm] for bodily injury, loss or damage under any coverages of the policy" while Abdul's vehicles are operated by Altaf. Abdul argues that this language "was only intended to limit the policy's third-party liability coverage of Altaf; it was never intended to limit

---

1. We hasten to note that, by disposing of Abdul's argument in this manner, we express no opinion on an insurer's obligation to verify whether an excluded driver "satisfies the owner's or operator's security requirements," Utah Code Ann. § 31A–22–303(7), and, once again, put off that question for another day. *See Calhoun v. State Farm Mut. Auto. Ins. Co.*, 2004 UT 56, ¶ 39 n.6, 96 P.3d 916 (declining to address the same issue for different reasons).

State Farm's first-party obligation to indemnify Abdul for damage to his Navigator."

¶ 10 This argument misreads the obvious meaning of the driver exclusion agreement and disregards the consequent limitation of State Farm's liability under its insurance contract with Abdul. It is well established that "the terms of insurance contracts, as well as all contracts, are to be interpreted in accordance with their usually accepted meanings." *Nielsen v. O'Reilly,* 848 P.2d 664, 665 (Utah 1992). Under such an interpretation, the driver exclusion agreement clearly removes all liability from State Farm for Abdul's first-party claim of damages. Indeed, it is inconceivable how the language of the agreement that removes liability "for bodily injury, loss or damage under *any coverages of the policy*" can in any way fail to also exclude Abdul's first-party claims for damages. We conclude that under the plain meaning of the agreement, such coverage is expressly denied when those damages are incurred while Altaf is driving Abdul's vehicles.

## CONCLUSION

¶ 11 We affirm the district court's grant of State Farm's Motion for Summary Judgment. In so holding, we decline to rule on whether State Farm is required, under Utah's driver exclusion statute, to verify whether the excluded driver has obtained independent insurance because that statute only concerns third-party liability claims, not the type of first-party damage claim at issue in this case. Rather, our ruling is based on the clear, unequivocal contractual language of the driver exclusion agreement, under which State Farm properly denied coverage for damage to Abdul's vehicle that was caused while Altaf was driving.

¶ 12 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.